## DETERMINATION AS TO AMOUNT STILL DUE A RAILWAY CONTRACTOR.

Court of Appeals for Hamilton County.

THE CINCINNATI & EASTERN ELECTRIC RAILWAY COMPANY V. BRUNO RITTY.*

Decided, August, 1913.

*Effect of Findings of Fact Made by Referee—Method of Treating Such Findings by a Reviewing Court—Good Fortune of a Contractor in Having Part of His Work Done Without Cost.*

1. In reviewing a judgment which in the court below was based on the report of a referee, the judgment will be treated as an entirety and modified or reversed only in the event of a finding that it is manifestly against the weight of the evidence.

2. When the contractor for a railway "fill" has the good fortune to have a part of his work done for him without cost by the dumping of waste from excavations being made by the municipality, his claim that he should receive the benefit of his good luck in his settlement with the company is at least as strong as the opposing claim that the benefit should revert to the company.

*Chas. M. Leslie* and *Dinsmore & Shohl,* for plaintiff in error. *Waite & Schindel,* contra.

JONES (Oliver B.), J.; SWING, J., and JONES (E. H.), J., concur.

This was an action below brought by the contractor for the construction of a traction railway known as the Cincinnati & Eastern Railway, under a contract which provided a price per lineal foot for the complete construction and provided certain rates for work to be done not included under this lineal foot rate. By consent of the parties it was referred by the court to a referee to take the testimony and report same to the court with his conclusions on the law and facts involved in the issue, as provided in Section 11475 *et seq.,* General Code.

---

*Affirmed without opinion, *Cincinnati & Eastern Railway Co.* v. *Ritty,* 90 Ohio State.

The referee's report is very full as to all the matters in issue, and it is admitted by counsel upon both sides that his findings of fact on the evidence have the effect of a special verdict as provided in Section 11480, General Code, and has been decided in *Lawson* v. *Bissel*, 7 O. S., 129, 133. And counsel for plaintiff in error admit that the burden is upon them to show his findings of fact are against the decided weight of the evidence.

There is a difference between counsel, however, as to whether this court in reviewing the judgment of the court below should treat the judgment as an entirety, and in order to review it consider all of the items of the contract which were controverted before the referee, or consider only matters that are specially drawn to the attention of the court here by the plaintiff in error and which of course are the matters which were found against plaintiff in error by the court below, plaintiff in error making this contention because no cross-petition in error has been filed on the part of the defendant in error.

The court is of the opinion that the judgment below should be treated as an entirety and should be modified or reversed by this court only in the event of its finding that this judgment is manifestly against the weight of the evidence. In order to determine this question, however, it has been necessary to go over the whole record of the case, which consists of a very large amount of testimony and exhibits. This labor of the court has been materially lightened by the very able oral arguments made by counsel, and their full, detailed and exhaustive briefs in which they give special attention to the parts of the record relied upon.

The claim of plaintiff as set out in the petition is made out under eighteen different headings of items, some of which cover many distinct subjects. Plaintiff in error relies particularly upon errors claimed to have been made with reference to five of these items and the claims thereunder. It is however hardly necessary to discuss in detail these claims although the court has given careful attention to all of them. At the trial before the referee, counsel for plaintiff claimed to have shown him to be entitled to a judgment for $67,607.84. The referee in his report took up these items in detail and discussed them separately,

resulting in an allowance of $32,905.13. This report on being before the superior court was reviewed by it and further allowance was made to the defendant below on an item for overhaul, under article 31 of the contract, between stations 717 and 750, for which a reduction of $1,100.88 was made, and it also allowed a reduction for 10,000 yards of fill which was estimated to be the amount of material furnished by the water works trustees, being muck taken out of its tunnels and placed by them in the fill as being the most convenient place to waste it. An allowance of $2,500 was given to the defendant for this. This fill was part of the work included to be done by plaintiff for which he was to receive 25 cents per yard, and he claims that if he had the good fortune to have a stranger volunteer to make part of the fill for him that he should receive the benefit of such work, while the railway company contends that he should only be paid for what he himself does. The referee took the former view of the matter, and the court in passing upon his report took the latter. It seems to us that the argument of plaintiff is equally strong with that of the defendant, but as there is no cross-petition in error we are not disposed to change the judgment arrived at in that respect, but think that it may be considered in a way in passing upon other errors that are being urged.

The first claim that is urged by plaintiff in error, being 404 lineal feet of track on a switch at a point called Seven Mile, near New Richmond, which was not ballasted, is one which we think has merit. A deduction is claimed at 15 cents per foot as the value of ballasting. We think that the testimony fails to show that this ballasting was ever done by the contractor, and therefore find that a deduction of $60.60 should be allowed upon that item.

Another error seems to have crept in and was overlooked by the court below in making the final figures of the judgment. In the petition in setting out the items of account, credit was given to the company, for payments, by cash $116,600, and by order to insurance company $600; making together a total credit of $117,200. In deducting the credits from the amount found

due the referee overlooked this credit of $600 and deducted only
cash payment of $116,600 instead of total credits of $117,200.
This seems to have been overlooked by the parties in preparing
the entry by the court and was discovered after the case came
into this court. This allowance of $600 should also be made.

Considerable argument was devoted to the question of gravel
overhaul account. A question was raised as to whether the Avey
gravel pit, which was tendered to the contractor by the company,
was in fact a gravel pit and came within the terms of the con-
tract requiring one to be furnished in Clermont county. The
referee in addition to hearing the witnesses direct had the ad-
ditional advantage of being taken out on the line to see this
so-called gravel pit, and we believe his decision as to the amount
allowed for gravel over haul was extremely favorable to the
defendant below. We also think that the allowance made by the
referee for the work performed by the company in completing
the track laying and ballasting was rather liberal to the de-
fendant when it is considered that a large part of the amount
claimed was for the cost of changing the gauge of the track from
the standard gauge of four feet eight and a half inches to the
Cincinnati gauge of five feet two and a half inches.

There is some controversy between the parties in the matter of
excavation for the car barn. This was work that was done by
the contractor outside of the general contract. It is clear that
a contract was made for this work, the only question being
whether it should be paid for by the yard under the prices fixed
by the general contract or whether, as claimed by the president
of the railway company, a special price of $5,000 had been agreed
upon for the entire work. It was of course incumbent upon
the defendant to prove this special price, and we think they
failed in that proof, but that the work was to be paid for ac-
cording to the general prices for the contract.

Arguments were also made as to the binding force of the
engineer's estimate. The contract providing for partial esti-
mates at intervals as the work progressed seems not to have been
in any way followed during the progress of the work, and no
final estimate was made on the completion of the work in the

usual manner by the engineer in the capacity of a referee or arbitrator, as defendant claims he should be considered. On the contrary, the president of the defendant company seems to have taken the matter out of the engineer's hands, and what is termed a final estimate was made by the engineer under his direction. We do not think, therefore, under the cases cited and the terms of the contract, that the contractor is bound by this estimate.

Considering, therefore, the whole record, and the arguments made pro and con as to the different controverted items, the court is of the opinion that the judgment below should be modified and the amount thereof be reduced by deducting therefrom the sum of six hundred and sixty and 60-100 ($660.60) dollars. With that modification, it should stand.